JUDE G. GRAVOIS, Judge.
| ^Plaintiff, Randy Anny, appeals a summary judgment granted in favor of defendant, Michael 0. Babin, dismissing Mr. Anny’s petition for damages against Mr. Babin resulting from the alleged breach of a purchase agreement of immovable property. For the reasons that follow, we affirm the trial court’s grant of summary judgment in favor of Mr. Babin.

FACTS AND PROCEDURAL HISTORY

On March 15, 2011, plaintiff, Randy Anny, as purchaser, and defendant, Michael O. Babin, as trustee and administrator of the Babin Family Trust and the Bobbie Lee Burns Babin Revocable Trust (collectively, the “Trusts”), as seller, entered into a Purchase Agreement for riparian property (also commonly known as “batture” property) located along the left descending bank of the Mississippi River in St. James Parish, Louisiana. At the time the Purchase Agreement was entered into, the property in question was subject to a Batture Lease Agreement between the Trusts, as lessor, and Consolidated Grain & Barge, Inc. (“CGB”), as lessee. laThe Lease Agreement contained a right of first refusal in favor of CGB, granting unto it the right to purchase all or part of the subject property from the Trusts on the same terms and conditions as may be offered to the Trusts from a bona fide third party purchaser.[1] The Lease Agreement provided that in the event such an offer was made to the Trusts, then the Trusts were required “to extend to [CGB] the right to meet said bona fide offer of purchase under the same terms and conditions thereof, which right shall continue exclusively for a period of thirty (30) days from the transmittal in writing from [the Trusts] to [CGB] of said offer, in its entirety.” The Lease Agreement further pro *704 vided that until otherwise directed m writing by the other, all notices and demands permitted or required thereunder shall be validly and sufficiently given and made by certified mail, postage prepaid, to the addresses of the parties set forth in the Lease Agreement.
As evidenced by the attachments to his Motion for Summary Judgment, on March 16, 2011, in an attempt to comply with the above-mentioned notice requirements contained in the Lease Agreement, Mr. Babin sent an email to CGB notifying it of the execution of the Purchase Agreement with Mr. Anny. A purported copy of the Purchase Agreement was attached to the email. CGB replied to Mr. Babin by email on March 22, 2011, advising him that it did not believe that the Trusts had met the notice requirements of the right of first refusal granted to it under the Lease Agreement in that the copy of the Purchase Agreement that was attached to his email did not contain his signature, as trustee, and accordingly, CGB could not confirm that the terms and conditions of the Purchase Agreement were acceptable to the Trusts, and that the Trusts were unequivocally and unconditionally willing to proceed with a sale of the subject property on the terms and conditions contained in the Purchase Agreement.
| thereafter, on March 24, 2011, Mr. Babin sent, again by email, a complete copy of the Purchase Agreement to CGB, which copy included Mr. Babin’s signature, as trustee. According to the Statement of Uncontested Facts attached to Mr. Babin’s Motion for Summary Judgment, CGB exercised its right of first refusal under the Lease Agreement on April 18, 2011, and purchased the subject property from the Trusts by Act of Cash Sale executed on April 27, 2011.
On July 18, 2011, Mr. Anny filed the instant suit against Mr. Babin, individually and as trustee and administrator of the Trusts, seeking damages against Mr. Ba-bin allegedly resulting from Mr. Babin’s alleged breach of the Purchase Agreement. Mr. Babin filed a Motion for Summary Judgment on August 16, 2011, which was opposed by Mr. Anny. Mr. Babin filed a reply to the opposition. The record indicates that a hearing on the Motion for Summary Judgment was held on October 5, 2011, but apparently the hearing was not transcribed. The trial court rendered judgment in this matter on October 17, 2011, granting Mr. Babin’s Motion for Summary Judgment, and dismissing all claims against Mr. Babin, both individually and as trustee of the Trusts, with prejudice, at plaintiffs costs. The trial court did not provide reasons for judgment. Mr. Anny timely appealed the trial court’s judgment.
On appeal, Mr. Anny argues that the third party (CGB) did not exercise its right of first refusal in a timely manner, and that the judgment should be vacated because discovery was incomplete at the time the Motion for Summary Judgment was heard. Mr. Babin counters that the Purchase Agreement with Mr. Anny was never valid because Mr. Anny failed to pay the deposit called for in the Purchase Agreement. Mr. Babin further argues that additional discovery in this case was unwarranted, as all material facts were properly before the court and all were uncontested.

\r,LAW AND ANALYSIS

Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Hines v. Garrett, 04-0806 (La.6/25/04), 876 So.2d 764, 765. A motion for summary judgment should be granted only if the pleadings, depositions, answers to inter *705 rogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. Id.
Summary judgment procedure is intended to make a just and speedy determination of every action. LSA-C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under LSA-C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-_|C.C.P.6 arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45.
A right of first refusal, also referred to as a pacte de preference (right of preemption), is the option and preferred right to buy property at the price offered by a third party in the event the owner desires to sell it. S. Litvinoff, Obligations, Book 2, §§ 104 & 108 in 7 Louisiana Civil Law Treatise 187, 189 (1975); Keene v. Williams, 423 So.2d 1065 (La.1982).
Mr. Anny attached a copy of the Purchase Agreement and a copy of the Cash Sale from the Trusts to CGB to his petition. Mr. Babin attached his own affidavit, an affidavit of Drew Gaudet (who negotiated the Purchase Agreement), a Statement of Uncontested Facts, a copy of the Lease Agreement between the Trusts and CGB, printed emails between Mr. Babin and CGB, and additional copies of the Purchase Agreement, to his Motion for Summary Judgment. In his opposition to the Motion for Summary Judgment, Mr. Anny asserted his allegations as to the lack of discovery in this case.
On appeal, Mr. Anny contends that discovery was needed to determine whether CGB exercised its right of first refusal in a timely manner. He argues that in the Purchase Agreement, it was contemplated that the closing was required to take place within thirty days of the date notice of the Purchase Agreement was given to CGB, and that the Purchase Agreement contemplated that “immediate” notice would be given to CGB. He concludes that since the Cash Sale from the Trusts to CGB was not passed until April 27, 2011, CGB must not have exercised its right of first refusal timely, thus rendering Mr. Babin in default of the terms of the Purchase Agreement.
|7Our review of the four corners of both the Purchase Agreement and the Lease Agreement shows that Mr. Anny’s characterization of the notice requirements in the two contracts is incorrect.
First, we note that Paragraphs 5 and 6 of the Purchase Agreement provide, in pertinent part:
5. Purchaser shall purchase the subject property subject to the Batture lease Agreement filed of record at Con *706 veyance Book 428 Page 448, Entry 143430 in the St James Parish Clerk of Court’s office....
6. The Act of Sale will be executed before Purchaser’s Notary Public, at Purchaser’s expense, not less than thirty (30) days from when Vendors provide the required notice to their lessee(s) in connection with the Right of First Refusal held by Vendors’ Lessee(s). After the expiration of this initial waiting period and provided that the lessee chooses not to exercise their option, the sale shall take place within fifteen (15) days, provided that in the event bona fide curative work is required to remedy any title defects, the date for passage of the Act of Sale shall be extended for a period of ninety (90) days.
The Purchase Agreement thus establishes that the closing date of the sale between the Trusts and Mr. Anny was not required to take place within thirty days of the date notice of the Purchase Agreement was given to CGB, as claimed by Mr. Anny, but rather was to take place “not less than” thirty days from the date Mr. Babin provided the required notice of the Purchase Agreement to CGB, and within fifteen days after the expiration of this initial 30-day waiting period, provided that CGB did not exercise its right of first refusal. Nor did the Purchase Agreement contain any specific amount of time within which notice of the pending offer of sale was required to be transmitted by the Trusts to CGB.
Further, Paragraph 2 of the Lease Agreement provides, in pertinent part:
[A]t any time during the existing Lease Agreement, and provided this lease is in full force and effect, should Lessor receive a bona fide offer from any other person, firm or corporation to purchase any or all of the leased batture, Lessee shall have the option of first right of refusal to purchase the batture on the same terms and conditions offered by lasuch other person, firm or corporation; i.e., Lessor must extend to Lessee the right to meet said bona fide offer of purchase under the same terms and conditions thereof which right shall continue exclusively in Lessee for a period of thirty (30) days from the transmittal in writing by Lessor to Lessee of said offer, in its entirety.
Thus, under the terms of the Lease Agreement, the Trusts were required to notify CGB of any bona fide offer of purchase made to the Trusts by another person. The Lease Agreement, like the Purchase Agreement, does not contain a specific amount of time within which the notice of the bona fide offer had to be transmitted by the Trusts to CGB. Mr. Babin’s Statement of Uncontested Facts shows that, as noted above, CGB received actual notice of Mr. Ann/s offer of purchase within 24 hours of the signing of the Purchase Agreement by an email from Mr. Babin that contained an incomplete copy of the Purchase Agreement. Mr. Babin thereafter emailed CGB the entirety of the Purchase Agreement on March 24, 2011, nine days after its signing. Though this second notice to CGB again occurred by email, which did not comply with the formal notice requirements of the Lease Agreement, CGB obviously waived this requirement (as was its prerogative), and on April 18, 2011, within thirty days from the March 24 notice, exercised its right of first refusal to purchase the property, which was therefore timely under the Lease Agreement.
Mr. Anny’s opposition to the Motion for Summary Judgment clearly falls short of showing that any genuine issue of material fact remained as to how and when CGB received notice of the Purchase Agreement, and likewise clearly falls short of contesting the date that CGB exercised its right of first refusal as reported by Mr. *707 Babin in his Statement of Uneontested Facts.
Upon our de novo review of this matter, we find that the trial court was not premature in granting the summary judgment at this procedural juncture of the case, and thus find no error in this regard. The record of this matter shows that all 19material and relevant facts and documents involved in this matter were properly before the trial court, and that further discovery would not have provided any new material facts to the trial court. We find that Mr. Anny’s opposition to the Motion for Summary Judgment did not produce factual support sufficient to establish that he would be able to satisfy his eviden-tiary burden of proof at trial. As such, the trial court’s grant of summary judgment in favor of Mr. Babin was neither premature nor in error.
Mr. Anny also argues that the Purchase Agreement was not invalid because of his failure to pay the deposit called for in paragraph 8 thereof.[2] He argues that the validity of the Purchase Agreement was not conditioned upon his paying of the deposit. Contrarily, Mr. Babin contended at the trial court and argues before this Court that Mr. Anny’s contemporaneous payment of the deposit was a condition precedent to the validity of the Purchase Agreement, and without it, the agreement was never valid.
The specific language of the Purchase Agreement contemplated that Mr. Anny would contemporaneously pay a deposit upon the signing of the agreement, and that such deposit was not earnest money, but rather would go towards the balance of the purchase price of the property. The Purchase Agreement itself is silent regarding whether the lack of the deposit would invalidate the agreement. In any event, and having no knowledge of the basis upon which the trial court ruled, we find that it is not necessary for us to address this issue, as plaintiff has failed to show that any genuine issue of material fact remains as to CGB’s exercise of its right of first refusal. Resolution of CGB’s right of first refusal was a conditional |10term of the Purchase Agreement. Even if Mr. Anny had paid the deposit contemporaneously with the execution of the Purchase Agreement as contemplated therein, CGB’s timely exercise of its right of first refusal completely negated the Purchase Agreement. Paragraph 6 of the Purchase Agreement (quoted above) acknowledged such by providing that a closing would take place only in the event that CGB did not exercise its right of first refusal.

CONCLUSION

For the foregoing reasons, we affirm the trial court’s grant of summary judgment in favor of Mr. Babin.

AFFIRMED

. The Purchase Agreement specifically refers to the Lease Agreement and noted that the Lease Agreement was recorded in the conveyance records of St. James Parish.

. Paragraph 3 of the Purchase Agreement provides as follows:
Purchaser has agreed to furnish, contemporaneously with the execution hereof, an advance deposit of THIRTY THOUSAND TWO HUNDRED FIFTY AND NO/100 DOLLARS ($30,250.00) upon both parties executing this purchase agreement. The parties agree that the deposit will be held in trust by Vendors' escrow account agent. The deposit shall not be considered earnest money or option money, but as a deposit to be applied to the purchase price at closing.